In re LLOYD McKEE MOTORS, INC., a New Mexico corporation, Federal ID # 85–0130433, and Pride Dodge, Inc., a New Mexico Corporation, Federal ID # 85–0350006, and ZMHC, Inc., a New Mexico corporation, Federal ID # 85–0340928, Debtors.

**Bankruptcy No. 11–91–12894 MA.**

United States Bankruptcy Court, D. New Mexico.

July 20, 1993.

William T. Caniglia, Albuquerque, NM, for debtors.

Thomas D. Walker, Jay D. Hertz, Sutin, Thayer & Browne, Albuquerque, NM, for Chrysler Credit Corp.

### *MEMORANDUM OPINION*

MARK B. McFEELEY, Chief Judge.

This matter is before the Court to determine whether the claim of a creditor against a debtor who is "jointly and sever-

ally liable" as the guarantor of a debt in default should be reduced for voting purposes because the primary obligation is a secured claim in a separate bankruptcy case that could reduce the amount owed sometime in the future. Having considered the arguments of counsel, case law, and memoranda of law submitted by the parties, and being otherwise fully informed and advised, the Court finds the full amount of this defaulted debt will be allowed for voting purposes in the bankruptcy case of each debtor who is "jointly and severally liable".

### FACTS

ZMHC, Inc. ("ZMHC"), Lloyd McKee Motors, Inc. ("Lloyd McKee"), and Pride Dodge, Inc. ("Pride Dodge") are affiliated debtors with separate bankruptcy cases that are being jointly administered by this Court. The proofs of claims and the estates of each of the three debtors are maintained separately.

ZMHC is obligated on a note that was secured in part by a mortgage on real property and an assignment of rents from that property. After the bankruptcy was filed the property was sold. According to Chrysler Credit Corporation ("Chrysler Credit"), the deficiency remaining on the ZMHC mortgage note after the sale is approximately $744,255.43.

The ZMHC deficiency balance remains secured as a valid first lien on the assignment of rents. The collection of these rents, however, is contingent upon the success or settlement of an ongoing lawsuit with the former tenant of the building. Thus, it is not certain if funds will be recovered to cover all or part of the ZMHC mortgage note deficiency.

Both Lloyd McKee and Pride Dodge have guaranteed the obligations of ZMHC. The language of these absolute, unconditional guarantees state that the guarantors are "jointly and severally liable" and that Chrysler Credit does not have to first seek recourse against the primary debtor or its collateral security. Thus, Chrysler Credit has claimed the deficiency balance on the ZMHC mortgage note as unsecured claims

in both the Lloyd McKee and Pride Dodge bankruptcies while also claiming it as a secured claim in the ZMHC bankruptcy.

### DISCUSSION

Chrysler Credit argues that the terms of the guaranty agreements make the claims against Lloyd McKee and Pride Dodge "valid" and "not contingent or estimable" under Section 502(c) of the Bankruptcy Code. Therefore, it argues, its claims can not be reduced based upon the secured claim in the ZMHC bankruptcy case.

In the absence of overruling federal law, the validity of a creditor's claim is determined by state law. *Grogan v. Garner*, 498 U.S. 279, 283, 111 S.Ct. 654, 657, 112 L.Ed.2d 755 (1991). Under New Mexico law, the liability of a guarantor is determined by the terms and intent of the contract. *Sunwest Bank of Clovis v. Garrett*, 113 N.M. 112, 116–117, 823 P.2d 912 (1992). Lloyd McKee and Pride Dodge signed absolute and unconditional guaranty agreements that make them "jointly and severally liable" for the total amount of the debt upon default. The guaranties specifically state that Chrysler Credit is not required to attempt collection from the principal debtor, ZMHC, or its collateral security before proceeding against any or all of the guarantors for the full amount of the debt. Under these terms, Chrysler Credit can validly claim the full amount of the defaulted debt from each of the debtors simultaneously without first pursuing its claims against the principal obligor. *See Economy Rentals, Inc. v. Garcia*, 112 N.M. 748, 762–763, 819 P.2d 1306 (1991); *Heaston Tractor v. Securities Acceptance*, 243 F.2d 196, 198 (10th Cir.1957).

Whether or not Chrysler Credits's claims against Lloyd McKee and Pride Dodge, based on the guarantees, are "contingent" and subject to estimation under 11 U.S.C. § 502(c)(1) is determined by bankruptcy law. Neither the Bankruptcy Code nor the courts have defined a "contingent claim" and explained how it should be employed under Section 502(c)(1). *Matter of Ford*, 967 F.2d 1047, 1051 (5th Cir.1992).

The traditional and generally accepted definition of contingent, however, is based on the debtor's "present duty or liability to pay". *Id.* at 1051. This definition does not recognize a claim as contingent just because the liability as to the "amount or collection" of a claim may change depending on a future condition or event. *Id.*[1]

In *Ford*, the court held that a claim premised upon a debtor's joint and several liability for a defaulted note was not "contingent" because the debtor was presently liable for the full amount of the debt. *Id.* Therefore, the estimation of the claim was inappropriate and not permitted under 11 U.S.C. § 502(c)(1). *Ford*, 967 F.2d at 1052. This ruling overturned the bankruptcy court's efforts to declare the claim "contingent as to amount" and divide the amount of the bankruptcy claim by the number of debtors that were "jointly and severally liable" for the entire debt.

The *Ford* court gave several justifications for this ruling. Defining "contingent" based on amount or collection and *estimating* "joint and several liability" claims would be inconsistent with the traditional definition of "contingent claim" that is used in other sections of the Bankruptcy code. *Id.* at 1051–1052. It would recharacterize all joint-obligation promissory note debts as contingent and allow bankruptcy judges to dice up debtors' liability for these notes. The noteholder's claims would be unjustly reduced allowing the other creditors to unfairly benefit. The debtors who borrowed on the commitment of joint and several liability would find themselves protected against full liability simply by filing for bankruptcy. And, finally, this would weaken the noteholder's bargained-for protection and reduce his incentive for granting future "joint and several liability" loans.

For all of these reasons, this Court will adopt the definition of contingent based on

"present liability" rather than "future amount or collection." This conforms with the *Ford* court's decision and reasoning and prevents unfairness to the creditor.

■ This means that under Section 502(c)(1) of the Bankruptcy Code the "joint and several liability" claims against Lloyd McKee and Pride Dodge are not contingent. Thus, these claims are not subject to estimation or reduction because of ZMHC's secured claim and the possible recovery of some amount in the future. This is not unfair, as the debtors' argue. It simply allows the creditor the protections provided for and agreed on by the debtors when these guaranty agreements were executed.

Although Bankruptcy Rule 3018 allows the court discretion to estimate the amount of a disputed claim for voting purposes, the court should not abridge, enlarge, or modify any other substantive rights granted under the Bankruptcy Code. *See In re Goldstein*, 114 B.R. 430 (Bankr. E.D.Penn.1990); *Matter of Gardinier*, 55 B.R. 601, 604 (Bankr.M.D.Fla.1985). Thus, because the full amount of the claim appears valid and noncontingent under 11 U.S.C. 502 it will be fully allowed for voting purposes pursuant to 11 U.S.C. 1126(a).

■ For these reasons, the Court finds that Chrysler Credit's claims, based on Lloyd McKee's and Pride Dodge's guaranties of ZMHC's defaulted debt, will be allowed in their full amount for voting purposes.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. F.Bankr.R. 7052. An appropriate order shall enter.

---

1. There appears to be only one case where a bankruptcy court distinguished between contingency as to "liability" and "amount or collection". In that case, the court found that the creditors' "liability" against a partner in a partnership was noncontingent even though the creditors were required by law to look to the partnership assets first for payment. By separating the definition of "contingency" into two distinct concepts, the creditors were allowed to file an involuntary Chapter 7 petition under Bankruptcy Code Section 303(b). *See In re Elsub Corp.*, 66 B.R. 172 (Bankr.N.J.1986).